Joel Fox
3562 E Harvard Ct.
Gilbert, Az 85234
480-287-4552
Email: j_fox@cox.net
Pro Se

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

CIV '11 0595 PHX NVW

Joel Fox,

    Plaintiff,

vs.

Samuel P. GODDARD III, *in his personal capacity*; Donald CONRAD, *in his personal capacity*; Todd LAWSON, *in his personal capacity*; Michael EDWARDS, *in his personal capacity*,

    Defendants

Case No.:

COMPLAINT

(Demand for Jury Trial)

Plaintiff Joel Fox hereby alleges as follows in his complaint against the defendants:

**PARTIES AND JURISDICTION**

1. Plaintiff, Joel Fox is, at all times relevant, a resident of Maricopa County, Arizona and a sworn law enforcement Captain within the Maricopa County Sheriff's Office.

2. Defendant, Samuel P GODDARD III *aka* Terry Goddard is, at all times relevant, a resident of Maricopa County, Arizona, a member of the Arizona State Bar, and the Attorney General for the State of Arizona.

3. Defendant, Donald CONRAD is, at all times relevant, a resident of Maricopa County, Arizona, a member of the Arizona State Bar, and the Chief Counsel for the Criminal Division of the Arizona Attorney General's Office.

4. Defendant, Todd LAWSON is, at all times relevant, a resident of Maricopa County, Arizona, a member of the Arizona State Bar, and an Assistant Attorney General with the Arizona Attorney General's Office.

5. Defendant, Michael EDWARDS is, at all times relevant, a resident of Maricopa County, Arizona and a Supervising Special Agent with the Arizona Attorney General's Office. Agent EDWARDS is a 25-year plus veteran investigator and an Arizona POST instructor in search warrants.

6. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

7. Venue is proper pursuant to 28 U.S.C § 1339.

8. Plaintiff requests a trial by jury as a matter of right according to the United States Constitution Amendment VII and Rule 38 of the Federal Rules of Civil Procedure.

## **GENERAL ALLEGATIONS**

9. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

10. On March 31, 2009, Defendant EDWARDS served a search warrant, numbered 2009-0033, on the home of Plaintiff Joel Fox (hereinafter referred to as the "home warrant"), seizing numerous items including papers, CDs and DVDs, computers, and external hard drives. This search warrant had been reviewed and/or approved by Defendants GODDARD, CONRAD, and LAWSON.

11. Defendant EDWARDS did not serve upon the Plaintiff a copy of the search warrant affidavit; only the search warrant itself was presented. The affidavit remained sealed for almost five months. Plaintiff Joel Fox received a copy of the affidavit on August 11, 2009 and learned of the gross violations of his civil rights.

12. The alleged crimes enumerated in the home warrant are 1) ARS § 16-907(A) Prohibited Political Contribution, 2) ARS § 13-2311(A) Fraud Schemes and Practices by Willful Concealment and 3) ARS § 16-2317 Money Laundering.

13. Upon release of the affidavit in August 2009, a careful examination revealed that the home warrant issued without probable cause.

14. The home warrant makes no further reference to the crime of Money Laundering and therefore supports no probable cause of that offense.

15. The home warrant fails to show probable cause that a crime of Fraudulent Schemes and Practices occurred completely ignoring the required element of a "scheme or artifice to defraud" making no mention of it whatsoever. The crime of Fraudulent Schemes and Practices is barely mentioned at all within the entire affidavit and cannot be reasonably applied to the circumstances being investigated.

16. The final crime alleged in the home warrant, Prohibited Political Contribution is based on the fact that Plaintiff attempted to donate $105,000 to the Arizona Republican Party, which was subsequently refused and returned in full, prior to the election. Defendants GODDARD, CONRAD, LAWSON and EDWARDS speculate that this attempted donation was made in the name of another; however, the affidavit clearly shows that the attempted donation was made in the name of Plaintiff Joel Fox, and not in the name of another.

17. The home search warrant, therefore, fails to establish probable cause that any crime was committed and therefore violates Plaintiff's rights secured by the Fourth Amendment to the U.S. Constitution.

18. Nowhere within the home warrant is there any indication, let alone probable cause, that any evidence of any crime will be found within the Fox family home and therefore fails to establish a nexus between the items sought and the

place to be searched, which also, independently, violates Plaintiff's rights secured by the Fourth Amendment to the U.S. Constitution.

19. The home warrant allowed the seizure of every piece of computer and electronic data storage equipment regardless of it's relation to the alleged suspect or the alleged crimes rendering the entire search warrant overbroad and facially invalid which also, independently, violates Plaintiff's rights secured by the Fourth Amendment to the U.S. Constitution.

20. Agents of the Attorney General's Office, under the planning and direction of Defendant EDWARDS, spent more than 5 hours searching Plaintiff's home and seized personal papers, seven computers, six external hard drives, 173 CD's and DVD's, 22 floppy disks, 2 flash drives, and three cell phones.

21. Two computers belonging to Plaintiff's minor children and one cell phone were returned within a week; however, it would be more than a year before any further items would be returned. On April 26, 2010, Defendant EDWARDS returned several items because, according to his own statements, the judge advised him (following a Motion to Controvert filed by Plaintiff) that he should return items that are not evidence, to which Defendant EDWARDS noted "is fair". Defendant EDWARDS knowingly held items that are not evidence for more than a year despite knowing that it was "unfair" to do so, releasing them only because he was ordered to do so by the Judge, which also,

independently, violates Plaintiff's rights secured by the Fourth Amendment to the U.S. Constitution.

22. Two computers and three CDs remain in the custody of the Attorney General's Office ostensibly because they are "evidence", yet these items offer no proof of any crime alleged or imagined. Defendants, acting in concert, are continually depriving Plaintiff Joel Fox of his lawful property, which also, independently, violates Plaintiff's rights secured by the Fourth Amendment to the U.S. Constitution.

23. The two computers, particularly, cannot possibly be evidence of any crime nor were used during the commission of any alleged crime and are being withheld from Plaintiff only because Defendants believe that data contained on the hard drives are evidence. Even if the data contained on the hard drives could be used as evidence, the computer hardware cannot. There is no lawful reason to maintain custody of Plaintiff's two computers, yet Defendants patently refuse to return them.

24. After almost two years, no indictment has issued and no charges have been filed as a result of this search warrant and related investigation.

25. The home search warrant included information obtained through a previous search warrant, 2009-0022, (hereinafter referred to as the "email warrant"), served on Cox Communications for the personal emails of Plaintiff Joel Fox

under the email address of j_fox@cox.net and accessed between October 6, 2006 and February 19, 2009.

26. Cox Communications unlawfully exceeded the scope of that search warrant by sending emails from not one, but four email accounts under Plaintiff Joel Fox's master Cox account and also by sending emails outside the prescribed date range to Defendant EDWARDS.

27. Defendant EDWARDS knowingly and intentionally exceeded the scope of his own search warrant and searched emails other than those in the account of j_fox@cox.net and also searched emails outside the prescribed date range in violation of the Stored Communications Act, 18 USC § 2701 *et seq.* and the Fourth Amendment to the U.S. Constitution.

28. The email warrant is specifically limited to emails within the account identified by the username j_fox and within the prescribed date range, however Cox Communications responded with a CD containing not just the j_fox emails but emails from three other accounts under Plaintiff's master account as well as emails exceeding the prescribed date range by at least two years and perhaps more.  Defendant EDWARDS, the author of the search warrant and accompanying affidavit, knowingly and intentionally viewed and subsequently incorporated into the home warrant emails identified by the username jdzorro. Defendant EDWARDS demonstrates his knowledge of proper procedure within the return filed following the execution of the email warrant wherein he

writes "I did not view (the other two accounts) since there is no information that they would pertain to the current investigation." Defendant EDWARDS could not have possibly known whether the jdzorro emails pertained to the current investigation without first exceeding the scope of his search warrant and viewing them. Even if the jdzorro emails related to his investigation, the Fourth Amendment and the Stored Communications Act require that Defendant EDWARDS obtain an additional search warrant in order to view them.

29. Defendant EDWARDS included information he had illegally obtained without a warrant from the jdzorro emails in the search warrant for the Fox family home with the encouragement and approval of Defendant LAWSON.

30. Portions of personal and private emails from the jdzorro email account belonging to the Plaintiff were subsequently published both in print and online by several local media outlets, including television.

31. Had it not been for the callous and careless actions of Defendants EDWARDS and LAWSON combined with their malicious intentions, Plaintiff's private emails would have never been available for public display.

32. Defendant EDWARDS knowingly and intentionally omitted the fact that he had exceeded the scope of his email search warrant from his affidavit in support of his search warrant for the Fox family home thereby deceiving the issuing magistrate further polluting the home warrant.

33. The email search warrant, like the home warrant, is severely lacking in probable cause and fails to show any reason to search any of Plaintiff Joel Fox's emails. The affidavit does not show probable cause that any crime was committed and fails to establish the required nexus between the items sought and the location to be searched violating the constitutional rights of Plaintiff Joel Fox on multiple fronts.

34. Only two paragraphs within the 13-page email warrant affidavit refer to possible evidence that may be found within Plaintiff Joel Fox's emails.

    a. At Conclusions, Paragraph 5, page 10, Defendant EDWARDS suggests that an email sent by Plaintiff Joel Fox was actually written by an attorney and seeks to identify that attorney as a 'witness". Not only is this pure speculation, but any conversation between Fox and an attorney is protected under the attorney-client privilege and cannot be used as evidence. Seeking to violate the attorney-client privilege cannot be justification for a search warrant.

    b. At Conclusions, Paragraph 6, page 10, Defendant EDWARDS notes that Plaintiff Joel Fox would neither confirm nor deny that he had sent emails to the Maricopa County Department of Elections during a Pre-Hearing Settlement Conference and seeks to confirm that Plaintiff Joel Fox actually sent the emails. This point of contention,

whether confirmed or not, does not provide evidence of any crime and therefore cannot justify a search of private emails.

35. No reasonable person could believe that a crime had been committed, yet Defendants GODDARD, CONRAD, LAWSON and EDWARDS conspired together to issue search warrants with a callous disregard for the constitutional rights of the Plaintiff. All Defendants are experienced and educated law enforcement professionals and as such, their errors can only be intentional and malicious.

36. In order to have both the home and email search warrants approved, Defendant EDWARDS travelled more than 130 miles roundtrip, passing numerous potential and qualified magistrates, to the Pinal County Superior Court, appearing before the Honorable Robert Carter Olsen, Presiding Judge of the Pinal County Superior Court.

37. Judge Robert Carter Olsen is the immediate past Treasurer of the Arizona Democratic Party, and was under investigation by the Federal Election Commission for violations of Federal Election Law prompted by a complaint submitted by the Arizona Republican Party when he approved Defendant EDWARDS' search warrant affidavits. The Arizona Republican Party was also being investigated by the Attorney General's Office along with Plaintiff Joel Fox regarding the $105,000 attempted donation.

38. Judge Robert Carter Olsen is a member of the Arizona Democratic Party Hall of Fame.

39. Judge Robert Carter Olsen was a 2004 National Delegate from Arizona to the Democratic National Convention along with Defendant Terry GODDARD, and Tim Nelson.

40. Tim Nelson, as a candidate for Maricopa County Attorney, was the subject of negative campaign ads run by the Arizona Republican Party that were allegedly paid for by monies donated by the Plaintiff, Joel Fox. About six months after losing the election for County Attorney, Tim Nelson was hired by Defendant GODDARD to be his second in command at the Arizona Attorney General's office, however, reportedly has been "screened" from the investigation of Plaintiff and the Arizona Republican Party.

41. Defendants GODDARD, CONRAD, LAWSON and EDWARDS knew that Judge Robert Carter Olsen was neither neutral nor detached, yet purposely and in concert with one another, sought him out to approve their unlawful search warrants, bypassing literally dozens of qualified magistrates.

42. The entire action against the Plaintiff was initiated by a complaint from Maria Weeg, the Executive Director of the Arizona Democratic Party and an elected democratic precinct committeeman from Legislative District 15.

43. Defendant Terry GODDARD, who directed and participated in the investigation, is also an elected democratic precinct committeeman from Legislative District 15.

44. Defendant LAWSON, selected by Defendant GODDARD and Defendant CONRAD to prosecute the case against the Plaintiff, is also an elected democratic precinct committeeman from Legislative District 15.

45. Defendant Terry GODDARD, Arizona Attorney General, best known democrat in Arizona, 2010 Democratic candidate for the Governor of Arizona, and Arizona Democratic Party insider, received a complaint based entirely on unsupported conclusions from the Executive Director of the Arizona Democratic Party and fellow LD15 precinct committeeman, Maria Weeg. Defendant GODDARD then assigned the case, through Defendant CONRAD, to the only attorney in his office that is also a fellow elected precinct committeeman in LD15, Defendant Todd LAWSON. These defendants then conspire and select the one judge in all of Arizona that is the immediate past treasurer of the Arizona Democratic Party to approve their wholly inadequate and unconstitutional search warrants.

46. The Defendants shocking behavior has caused serious damage to Plaintiff Joel Fox and his family. Joel Fox has a spotless 25-year record of serving his country and his community but due to the Defendants acting individually and/or in concert irrevocable damage has been done to Plaintiff's reputation

and his ability to seek gainful employment upon a pending mandatory retirement.

47. In April 2010, upon return of some of the items seized during the home warrant, it was discovered that twenty-two CDs or DVDs are missing and significant damage occurred on all the computer hardware, rendering them useless. Damaged and useless equipment includes six external hard drives and two laptop computers. A full accounting of actual damages to equipment is currently unknown due to the continued deprivation of two computers; however, based on the items returned to date, actual damage to property is estimated to exceed $10,000. Based on the careless handling of the equipment returned, the two remaining computers are likely damaged as well. A full accounting of damages will be provided at trial.

## COUNT ONE
## VIOLATION OF 42 USC § 1983

48. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49. The acts or omissions of the Defendants as described above violated Plaintiff Joel Fox's rights according to the U.S. Constitution including the right to be free from unreasonable search and seizure and the right to due process as guaranteed by the Fourth, Fifth and Fourteenth amendments to the U.S. Constitutions.

50. Defendants continued retention of Plaintiff's lawfully owned property constitutes an ongoing and continuous deprivation of Plaintiff's rights as guaranteed by the Fourth and Fourteenth amendments to the U.S. Constitution.

51. The Defendants, and each of them, are government officials acting under the color of law in all actions described above.

52. As a direct and proximate result of the Defendant's deliberate and intentional actions, Plaintiff has sustained significant and serious injury to which he is entitled to relief according to the Civil Rights Act of 1871, 42 USC § 1983, to include punitive damages.

## COUNT TWO
## VIOLATION OF 42 USC § 1985 – CONSPIRACY

53. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

54. Defendants GODDARD, CONRAD, LAWSON and EDWARDS, during all times relevant, are government officials acting under the color of law.

55. Defendants GODDARD, CONRAD, LAWSON and EDWARDS entered into an agreement and combined among themselves to engage in unlawful conduct depriving Plaintiff Joel Fox of his constitutional rights under the Fourth, Fifth and Fourteenth Amendment.

56. Defendants GODDARD, CONRAD, LAWSON and EDWARDS each have done and/or have caused to be done acts in furtherance of this conspiracy causing significant injury to Plaintiff Joel Fox's person and property and violating his rights guaranteed under the Fourth, Fifth, and Fourteenth Amendment.

57. Defendants GODDARD, CONRAD, LAWSON and EDWARDS each had actual knowledge of the conspiracies to deprive Plaintiff Joel Fox's rights protected by § 1985, and each had the power and/or opportunity to prevent the violations from occurring and/or continuing but failed to do so.

## COUNT THREE
## VIOLATION OF 18 USC § 2701 *et seq.* – STORED COMMUNICATIONS ACT

58. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

59. Defendant EDWARDS knowingly and intentionally exceeded the scope of a search warrant and accessed private personal emails belonging to Plaintiff Joel Fox without authorization.

60. Defendants EDWARDS and LAWSON then caused information from within Plaintiff's private emails to become published public information by incorporating portions into an unlawful search warrant for Plaintiff's home.

61. Defendants GODDARD and CONRAD knowingly, intentionally and actively participated through their conspiracy with Defendants EDWARDS and LAWSON to violate 18 U.S.C. §2701 *et seq.* and the Plaintiff's privacy rights guaranteed by the Fourth Amendment to the U.S. Constitution.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, and each of them, as follows:

A. For declaratory and compensatory damages, plus special and incidental damages in an amount to be proven at trial

B. For punitive damages in an amount to be proven at trial

C. For the return of property unlawfully seized and unlawfully retained within the custody of the Arizona Attorney General's Office.

D. For costs of the suit

E. For any other such relief as the Court deems just and proper.

Respectfully Submitted this 30th day of March, 2011

*Joel Fox*
Joel Fox
3562 E Harvard Ct.
Gilbert, Az 85234
480-287-4552
Email: j_fox@cox.net
Pro Se