**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel Fox, | No. CV-11-00595-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Samuel P. Goddard, III, in his personal capacity; Donald Conrad, in his personal capacity; Todd Lawson, in his personal capacity; Michael Edwards, in his personal capacity, | |
| Defendants. | |

Before the Court is the Motion of Defendant Michael Edwards to Dismiss the Complaint (Doc. 14), Defendant Todd Lawson's Motion to Dismiss (Doc. 15), and Defendant Donald Conrad's Motion to Dismiss (Doc. 16).

**I.  Background**

This case arises from the allegedly unlawful search and seizure of Plaintiff Joel Fox's home and email accounts. In 2009, Plaintiff was under investigation by the Arizona Attorney General's Office related to his attempted $105,00 donation to the Arizona Republican Party. Plaintiff was suspected of allegedly making a prohibited political contribution in violation of A.R.S. § 16-907(A), committing a fraudulent scheme in violation of A.R.S. § 13-2311(A), and/or money laundering in violation of A.R.S. § 16-2317. In connection with the

1  investigation, Plaintiff was subject to two search warrants: one for his home, and one for
2  emails and account information associated with the Cox Communications account
3  "J_Fox@cox.net." Defendant Edwards conducted a search of Plaintiff's emails provided by
4  Cox Communications. Defendant Edwards also conducted the search of Plaintiff's home and
5  seized various papers, CDs, DVDs, computers, flash drives, floppy disks, external hard
6  drives, and cell phones pursuant to the home warrant on March 31, 2009.

Plaintiff asserts that the warrants issued without probable cause and are accordingly invalid. Further, he argues that the warrants are overbroad, and that the scope of the email search warrant was exceeded by the search of email addresses not included in the email warrant and emails that fell outside the prescribed date range of the email warrant. Plaintiff also claims that some of the property seized has been unlawfully retained, and that other property was returned damaged. Finally, Plaintiff claims that Defendants conspired against him by allegedly seeking to obtain search warrants, unsupported by probable cause, from a biased judge. Plaintiff's complaint alleges three counts: (1) Violation of 42 U.S.C. § 1983; (2) Violation of 42 U.S.C. § 1985 - Conspiracy; and (3) Violation of 18 U.S.C. § 2701 *et seq.* – Stored Communications Act.

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* All allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Iqbal*, 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* Dismissal under Rule 12(b)(6) can therefore be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.  Analysis**

Defendants Edwards, Lawson, and Conrad have moved to dismiss Plaintiff's complaint on the basis that (1) Plaintiff has failed to state any claim for relief; (2) Counts One and Two are barred by the *Rooker-Feldman* doctrine; (3) Counts One and Two are barred by res judicata and collateral estoppel; (4) Count Three is barred by Plaintiff's failure to comply with A.R.S. § 12-821.01(A); and (5) 18 U.S.C. § 2707(e) provides a complete defense to Count Three.

**A.  Count One: Violation of 42 U.S.C. § 1983**

**1.  *Rooker-Feldman* doctrine**

Defendants argue that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction and requires dismissal of this action because the issue of whether probable cause existed to support the search warrants was already decided in the state court decision denying Plaintiff's Motion to Controvert Search Warrant and Request Franks Hearing (Doc. 14–6). The *Rooker-Feldman* doctrine prohibits a federal district court from hearing a direct appeal from the final judgment of a state court. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). However, the Supreme Court has repeatedly "emphasize[d] the narrowness of the Rooker-Feldman rule." *Lance v. Dennis*, 546 U.S. 459, 462 (2006); *see also Skinner v. Switzer*, --- U.S. ---, 131 S.Ct. 1289, 1291 (2011). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the Supreme Court clarified that the *Rooker-Feldman* doctrine served as a jurisdictional bar only where a party seeks to directly "overturn an injurious state-court judgment." *Id.* at 292.

In this case, Plaintiff does not ask the Court to overturn any final state court order or judgment. At most, Plaintiff is seeking to relitigate the same underlying question that was raised with Plaintiff's motion to controvert. While this implicates issues of res judicata and

collateral estoppel, without a direct challenge to an earlier state court judgment, the *Rooker-Feldman* doctrine is inapplicable and does not deprive the Court of subject matter jurisdiction over this action. *See id.* at 293 (noting "a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment [in parallel litigation] in the state court").

### 2. Res Judicata and Collateral Estoppel

Although the *Rooker-Feldman* doctrine does not warrant dismissal of Plaintiff's complaint, the doctrines of res judicata and collateral estoppel apply to bar Plaintiff's claims in Count One. Res judicata bars claims that were or could have been raised in a prior action from being raised in a later action where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Here, the issues regarding whether there was probable cause to support the search warrants and whether the warrants were overbroad were identical to those decided in the Pinal County Superior Court decision on Plaintiff's motion to controvert the search warrant (Doc. 14-6), which operated as a final judgment on the merits. *See In re Search Warrant No. 08 SW 1417*, 224 Ariz. 505, 506, 233 P.3d 618, 619 (Ariz. App. Div. 2010) (noting an order on "a motion to controvert . . . is a final judgment"). Further, to the extent Plaintiff has attempted to raise any additional claims related to the scope or lawfulness of the search warrants in this action, those claims could have been raised in the earlier state court action.

While the named parties in the state court matter were not identical to the officers named in this action, there is privity between the parties. Privity is determined by the "relationship of the parties to the action and the commonality of their interests." *Hall v. Lalli,* 194 Ariz. 54, 57, 977 P.2d 776, 779 (1999) (emphasis omitted). "Finding privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Id.* (internal quotations omitted). Here, Plaintiff

was the plaintiff in both actions, defendants in this action are employees of the Arizona Attorney General's Office, and the State of Arizona was the responding party "defendant" in the motion to controvert state court proceeding. The State and employees of the state Attorney General's Office sufficiently share an identity of interests and working relationship to establish privity between the parties. Because there is an identity of claims, a final judgment on the merits, and privity between parties in this action and the Pinal County Superior Court action on Plaintiff's motion to controvert, Count One will be dismissed as barred by res judicata.

Similarly, the doctrine of collateral estoppel also bars Plaintiff's claims underlying Count One. Collateral estoppel bars a claim from being relitigated where

> the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment.

*Chaney Bldg. Co. V. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). Here, the validity of the search warrants and whether they were overbroad was actually litigated in Pinal County Superior Court, the decision on Plaintiff's motion to controvert was a final judgment, and Plaintiff had the full opportunity to litigate and did actually litigate the validity of the search warrants and their scope, which were the essential issues in the state court's decision. For these reasons, Count One will be dismissed.

### 3. Failure to State a Claim for Relief

Alternatively, the Court finds that Plaintiff has failed to state a plausible claim for relief in Count One. The basic allegation underlying Plaintiff's 42 U.S.C. §1983 claim is that no probable cause existed to support the issuance of the search warrants. The Court finds no support for Plaintiff's claim that the search warrants were not supported by probable cause. Having reviewed the warrants and their underlying affidavits, the Court is satisfied that the affidavits plainly supply probable cause for the warrants to issue. Accordingly, to the extent Count One is based in allegations that the warrants were not supported by probable cause, it is also properly dismissed for failure to state a plausible claim for relief.

## B. Count Two: Violation of 42 U.S.C. § 1985

In their motions to dismiss, Defendants argue that Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1985 because he has not alleged that he is a member of a suspect class or that the conspiracy against him was based on an invidious discriminatory animus. To state a claim for conspiracy under 42 U.S.C. § 1985(3), "a plaintiff must demonstrate a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1056 (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992)). In his response, Plaintiff concedes that he has not alleged that the conspiracy was racially motivated or based on an otherwise class-based, invidiously discriminatory animus. Because Count Two thus fails to state any plausible claim for relief, it will be dismissed.

## C. Count Three: Violation of 18 U.S.C. § 2701

### 1. Notice of Claims Under A.R.S. §12-821.01(A)

Defendants contend that Count Three should be dismissed because Plaintiff failed to provide Defendants with notice of his claims pursuant to A.R.S. § 12-821.01(A). A.R.S. § 12-821.01(A) requires that "[p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee . . . within one hundred eighty days after the cause of action accrues." Although Defendants were employed by the Arizona Attorney General's Office, and as such are public employees under A.R.S. § 12-821.01(A), the notice of claims provision does not apply to bar Plaintiff's federal claims. *See Felder v. Casey*, 487 U.S. 131, 147 (holding that state notice of claim provisions may not serve to "place conditions on the vindication of a federal right"). Failure to comply with A.R.S. § 12-821.01(A) is thus insufficient grounds for dismissing Count Three of Plaintiff's complaint.

### 2. 18 U.S.C. § 2707(e)

18 U.S.C. § 2707(e)(1) provides that a "good faith reliance on" a "court warrant or order" is a "complete defense to any civil or criminal action" brought under 18 U.S.C. §

2707. Count Three alleges broadly violations of 18 U.S.C. § 2707. However, Defendant Edwards reviewed the information provided by Cox Communications pursuant to the email warrant. A person acting in good faith reliance on the email warrant could conclude that review of the information provided by Cox Communications, including the information of multiple usernames associated with the "J_Fox@cox.net" account, fell within the scope of the email warrant. Plaintiff has not provided any facts establishing that Defendants acted in anything other than good faith reliance on the email warrant in searching Plaintiff's email. 18 U.S.C. § 2707(e)(1) thus provides a complete defense to Count Three, which will accordingly be dismissed.

IT IS THEREFORE ORDERED that the Motion of Defendant Michael Edwards to Dismiss the Complaint (Doc. 14) is granted.

IT IS FURTHER ORDERED that Defendant Todd Lawson's Motion to Dismiss (Doc. 15) is granted.

IT IS FURTHER ORDERED that Defendant Donald Conrad's Motion to Dismiss (Doc. 16) is granted.

DATED this 7th day of July, 2011.

_____
Neil V. Wake
United States District Judge